UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA

| | |
|---|---|
| DAVID HSIEH,<br>Plaintiff,<br>v.<br>APACHE DEEPWATER, LLC, et al.,<br>Defendants. | CIVIL ACTION NO: 3:19-CV-00408-BAJ-JW |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR REMAND**

Comes now plaintiff and files this his memorandum in support of his motion for remand, and would respectfully show as follows:

**INTRODUCTION AND BACKGROUND**

This case concerns claims for damages for plaintiff's mesothelioma, caused by his occupational exposure to asbestos. Mesothelioma is an "invariably fatal cancer…for which asbestos exposure is the only known cause…" *In re Patenaude*, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). It kills its victims "generally within two years of diagnosis[,]" during which "[m]esothelioma victims invariably suffer great pain and disability." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 633 (3d Cir.), aff'd, 521 U.S. 591 (1997).

As detailed in plaintiff's original petition, filed on June 28, 2018 and attached as an exhibit to the notice of removal, plaintiff's exposure to asbestos occurred during his employment with defendant Schlumberger, Ltd. The petition alleges as follows:

> 7. Mr. Hsieh's exposure to asbestos stemmed from his employment with Schlumberger, Ltd. ("Schlumberger"). In 1979, Mr. Hsieh accepted a position as logging engineer for Schlumberger. Mr. Hsieh worked aboard jack up rigs and submersible barges for Schlumberger. While aboard

> these vessels, Mr. Hsieh assisted in obtaining soil samples from the hole and then analyzed those samples for the presence of hydrocarbons.
>
> 8. As a result of his work Mr. Hsieh was frequently and regularly exposed to asbestos, which was used as an additive in drilling muds from approximately 1979 when he started with Schlumberger, through 1987. Mr. Hsieh experienced: (1) bystander exposure to raw asbestos, added directly to the mud and (2) direct exposure from dried drilling mud that landed on his skin and clothing.

Count I of the petition is directed against "product, equipment, supplier and contractor defendants." This count specifically lists removing defendant "Apache Deepwater LLC (sued individually and as successor-in-interest to Mariner Energy, Inc. f/k/a Hardy Oil and Gas USA, Inc., f/k/a/ Trafalgar House Oil and Gas, Inc.)." Count IV of the petition is also addressed to Apache, described in the same terms. This Court asserts claims for relief under general maritime law, and alleges that Apache and certain other defendants failed to provide plaintiff with safe and seaworthy vessels and appurtenances.

In February, 2018, master discovery answers were served on defense counsel, but counsel for Apache was inadvertently not served with these responses. The master discovery answers listed the various drilling ships, jack-up rigs, and semisubmersible barges upon which plaintiff worked while employed by Schlumberger. These included the Mariner 3 and Mariner 7 vessels operated by Apache's predecessor. These answers also stated that plaintiff "received his assignments from Schlumberger dispatchers[,]" and that "[f]rom approximately 1980 through 1984, [Schlumberger] dispatchers were located at a base in Larose, Louisiana, where Schlumberger's designated deep-water office was located." See discovery answers attached as exhibit A.

On May 22, 2019, plaintiff served discovery responses on Apache. These responses, which are also attached to the removal notice, identified the two Mariner semisubmersible drilling barges, Mariner 3 and Mariner 7, as vessels upon which plaintiff worked. Plaintiff also stated that "asbestos additives were frequently utilized due to the nature of deep water drilling …."

On June 11, 2019, plaintiff filed a motion for an expedited trial setting, pursuant to Louisiana Code of Civil Procedure Art. 1573. This provision provides for "preference in scheduling" upon a showing that a party "suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference." Plaintiff was unable to obtain a hearing on this motion due to the removal of this case to this Court on June 21, 2019.

For the reasons detailed below, the case should be remanded. Defendant has not satisfied its burden of demonstrating that OCSLA jurisdiction is proper. The Court need not even reach the jurisdictional issue, however, since removal was procedurally defective for two reasons. Either of these defects independently requires remand as well.

**ARGUMENT**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute … which is not to be expanded by judicial decree . . . . It is to be presumed that a cause lies outside this limited jurisdiction . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). "The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. and Indem*. Co., 491 F.3d 278, 281-82 (5th Cir. 2008); *Marse v. Red Frog Events, LLC*, 2018

WL 3966975, *2 (M.D. La. July 20, 2018), ruling adopted, 2018 WL 3966263 (M.D. La. Aug. 17, 2018) (Jackson, J.).

## I. TWO DEFECTS IN REMOVAL PROCEDURE REQUIRE REMAND

### A. Certain Defendants Did Not Join in Removal

As a general rule, "a defendant cannot remove unilaterally. Instead, 'all defendants who have been properly joined and several must join in or consent to the removal.'" *Home Depot U.S.A., Inc. v. Jackson*, __U.S.___, 139 S. Ct. 1743, 1746 (2019), quoting 28 U.S.C. §1446(b)(2)(A); see also, e.g. *Getty Oil Corp. v. Insurance Co. of N. Am*., 841 F.2d 1254, 1261 (5th Cir. 1988); *Cotton v. Marriott Int'l Inc.*, 2018 WL 2949088, *1 (E.D. La. June 13, 2018). Here, defendant states that it "has obtained consent from all defendants that have been served and are properly joined." Doc. 9-1 at 6. But several defendants named in plaintiff's state court petition did not join in the removal. While some of these defendants have been dismissed by plaintiff or can otherwise be disregarded, at least two defendants that have been served did not join in removal, and so removal is defective for that reason.

Attached as exhibit B are proofs of service for defendants Boo-ker Oil and Gas Corp., and Petro-Chem Equipment Co. Neither of these defendants has joined in the removal, even though they clearly have been served. And while Apache's assertion about unanimous joinder uses the phrase "defendants that have been served and are properly joined," defendant makes no effort to explain why Boo-ker and Petro-Chem are not "properly joined." It is Apache's burden to demonstrate why these two defendants did not consent. As another district court in this circuit put it:

> According to 28 U.S.C. § 1446(a), a notice of removal must "contain[ ] a short and plain statement of the grounds for removal."

> Pursuant to this provision, if a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must "affirmatively explain" why consent of those defendants was unnecessary. *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1267 (D.Or.2001) (collecting cases); *14C Charles Alan Wright, et al., Federal Practice & Procedure* §3733 (4th ed.2013) ("[I]f unserved defendants have not joined the notice of removal, the removing defendants should explain their absence from that paper, in the removal notice."); *see also Courtney v. Benedetto*, 627 F.Supp. 523, 526 (M.D.La.1986). Otherwise, the notice of removal is deemed defective. Courtney, 627 F.Supp. at 526; *see also Riggs*, 233 F.Supp.2d at 1267–68; *Mayers v. Connell*, 651 F.Supp. 273, 274 (M.D.La.1986); *Romashko v. Avco Corp.*, 553 F.Supp. 391, 392 (N.D.Ill.1983) ("It is defendant's burden ... to explain affirmatively the absence of codefendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective."). Here, Chevron offered no explanation for its failure to obtain Malloy's consent.

*Alford v. Chevron U.S.A., Inc.*, 2014 WL 37600, *6 (E.D. La. Jan. 6, 2014)(footnote omitted). As in *Alford*, the removing defendant has offered no explanation for why Boo-ker or Petro-Chem need not have joined in the removal.

Since two served defendants in this case did not join in removal, removal was defective, and remand is required.

### B. Removal was Untimely

Under 28 U.S.C. §1446(b)(3), if a case is not removable upon receipt of the initial complaint, then "a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant was served with the initial complaint a year ago and did not remove the case, and so it states that the discovery answers it received on May 22 were the first "paper" from which it could be determined that the case was removable.

As the only asserted basis for jurisdiction is OCSLA, the question thus becomes when Apache could have "ascertained" that this case is one "arising out of or in connection with any operations conducted on Outer Continental Shelf." Apache concedes that plaintiff's original petition states that his asbestos exposure "occurred while working on jack-up rigs and submersible barges." Defendant argues, however, that the petition did not allege "that such activities took place on the Outer Continental Shelf rather than on inland waters." Notice at 4. What, then, did plaintiff's discovery answers served on Apache on May 8, 2019, convey about work on the Outer Continental Shelf?

Apache argues that "in response to interrogatory 1, plaintiff stated that he was exposed to asbestos used as a drilling additive (1) while working on Mariner Energy semisubmersible drilling barges, and (2) from the activities of Mariner Energy as a drilling contractor on other drilling rigs. Further, in response to interrogatory 2, plaintiff stated that he believed he was exposed to asbestos from Mariner Energy's operation because asbestos was used as a drilling mud additive in 'deep water' drilling." Notice at 4-5. This information is said by defendant to have caused it to "reasonably believe[ ] that plaintiff claims he was exposed to asbestos from oil and gas production activities of [Mariner] on the Outer Continental Shelf." Notice at 4.

It is true that plaintiff's original petition did not specifically identify the Mariner 3 and Mariner 7 submersibles. It is also true that the petition did not state explicitly that plaintiff's asbestos exposure occurred on the Outer Continental Shelf. The petition did, however, inform Apache that it was being sued as a successor to Mariner, and that plaintiff asserted causes of actions based on Mariner's status as both a contractor (Count I) and a vessel owner/operator (Count IV).

Did the identification of the particular Mariner vessels, Mariner 3 and Mariner 7, make the case removable, because they were not specifically named in the state court petition? That might

be plausible if there was some reason to believe that certain Mariner drilling barges operated in inland waters, while these specific vessels operated beyond three miles offshore. Apache does not, however, actually provide any information in the removal notice as to where these two vessels in fact were located, or why their identification would lead Apache to "reasonably believe" that plaintiff's asbestos exposure occurred on the Outer Continental Shelf. The specific identification by plaintiff of Mariner 3 and Mariner 7 would only arguably make the case newly removable if those vessels were located on the Outer Continental Shelf, but defendant's removal notice provides no evidence to that effect whatsoever.

Since defendant has provided no basis upon which to conclude that plaintiffs' discovery answers made it possible to "ascertain" that this case was removable, removal was untimely. This procedural defect independently compels remand as well.

## II. DEFENDANT HAS NOT ESTABLISHED A BASIS FOR SUBJECT MATTER JURISDICTION

As detailed above, removal of this case was defective for two independent reasons. Remand is thus required for either or both of these reasons, and the Court need not reach the issue of subject matter jurisdiction. But should the Court take up the jurisdictional issue, remand is also necessary because defendant has provided no support for the assertion of jurisdiction under OCSLA.

Defendant has premised jurisdiction on plaintiff's asbestos exposure while working on two of defendant's predecessor's vessels: Mariner 3 and Mariner 7. But beyond the names of the vessels, defendant has provided no other information to support OCSLA jurisdiction. It should go without saying that this is insufficient to support OCSLA jurisdiction.

The Fifth Circuit has held that "[c]ourts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an 'operation conducted on the Outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the question." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), citing *EP Operating Ltd. Ptnshp. v. Placid Oil Co*., 26 F.3d 563, 568-69 (5th Cir. 1994). At a minimum, therefore, defendant must put forth evidence from which the Court can conclude that these vessels carried out their operations on the Outer Continental Shelf.

But defendant has supplied no such evidence at all. Nor has defendant shown that these two vessels were permanently or temporarily attached to the seabed – a necessary feature for OCSLA coverage. See *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 784 (5th Cir. 2009)("In a tort action, if the tort occurs on navigable water instead of a fixed platform (or other structure attached to the seabed), the OCSLA sites requirement is not met."); 43 U.S.C. §1333(a)(1).

Again, it is defendant's burden to show that this case comes within OCSLA jurisdiction. That burden must be satisfied through facts that establish a basis for such jurisdiction; the obligation cannot be satisfied through mere assertions. Here, defendant has provided no facts to support its assertion that the Mariner vessels operated on the Outer Continental Shelf. Indeed defendant has not even straightforwardly asserted such a location for the vessels; it has simply asserted that it "reasonably believes" that they operated there. Since defendant has not satisfied its burden of establishing a basis for subject matter jurisdiction, the case must be remanded.

## III. PLAINTIFF'S JONES ACT AND MARITIME LAW CLAIMS PRECLUDE REMOVAL

At p. 7 of the removal notice, defendant acknowledges that removal of Jones Act claims is "restricted." In fact, "[a]s a general rule, … Jones Act claims are not removable." *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999), quoting *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); *Jackson v. Chem Carriers, LLC*, 2019 WL 1906261, *4 (M.D. La. Apr. 3, 2019), report and recommendation adopted, 2019 WL 1907457 (M.D. La. Apr. 29, 2019) (Jackson, J.). Defendant concedes that, at a minimum, this would require removal of plaintiff's Jones Act claim. Defendant argues alternatively, however, that the Jones Act claim has been fraudulently pled, because plaintiff failed to "establish the requisite situs and status to state a claim under the Jones Act. Specifically, that he was employed or assigned to a vessel or fleet of vessels under common oversight."

These two sentences, devoid of any actual evidentiary showing or even allegations, do not satisfy defendant's burden to demonstrate fraudulent assertion of a Jones Act claim. "The defendant's burden is a heavy one: the Court 'may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits.'" *Moreau v. Weston Solutions, Inc.*, 2017 WL 3167656, *2 (E.D. La. July 26, 2017), quoting *Hufnagel*, *supra*, 182 F.3d at 345-46. Defendant has not even attempted to demonstrate why plaintiff's Jones Act allegations are inadequate.

It suffices to say that plaintiff's Jones Act claim is thoroughly and properly stated. See pp. 12-15 of plaintiff's original petition, attached as an exhibit to the notice of removal, and attached again hereto as exhibit C. Moreover, a Jones Act "fleet" of vessels need not be under common ownership; rather, it is sufficient that they be under common *control*. *Roberts v. Cardinal Serv.*,

*Inc.*, 266 F.3d 368, 376 (5th Cir. 2001). Here, plaintiff has alleged precisely that plaintiff worked on vessels under Schlumberger's control. See, e.g., paragraphs 27 and 29 of plaintiff's petition.

It is worth noting that Schlumberger itself has not asserted that plaintiff's Jones Act claim was fraudulently pled. In any event, should Apache bring forth any facts on this issue, plaintiff reserves the right to address them in a reply brief.

Finally, plaintiff has also pled claims under general maritime law against Apache and other defendants. These claims are not removable pursuant to the "saving to suitors" clause, 28 U.S.C. §1333(l).

**CONCLUSION**

For all of the above reasons, plaintiff respectfully prays that his motion for remand be granted, and that this case be remanded to the Civil District Court for East Baton Rouge Parish pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction and/or for defects in removal procedure. Plaintiff also requests an award of just costs and expenses, including attorneys' fees, for improper removal.

Dated: July 19, 2019.

Respectfully submitted,

**WATERS & KRAUS, LLP**

By:/s/ Susannah Chester-Schindler
Susannah Chester-Schindler
LA Bar No. 33523
Charles S. Siegel *(Pro Hac Vice Pending)*
3141 Hood Street, Suite 700
Dallas, Texas 75219
T: (214) 357-6244
F: (214) 357-7252
schester@waterskraus.com
siegel@waterskraus.com

Lawrence Gettys
LA Bar No. 23753
**WATERS & KRAUS, LLP**
9191 Siegen Lane, Bldg. 7
Baton Rouge, Louisiana 70810
T: (225) 308-2617
F: (225) 769-5101
lgettys@waterskraus.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served via electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on this the 19th day of July, 2019.

/s/ Susannah Chester-Schindler
Susannah Chester-Schindler