**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID HSIEH** | **CIVIL ACTION NO: 3:19-408** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **APACHE DEEPWATER, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH C. WILKINSON** |

**APACHE DEEPWATER, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (REMAND)**

Apache Deepwater, LLC ("Apache Deepwater")[1] urges the Court to deny the plaintiff's Motion for Reconsideration of Order Denying Remand because the plaintiff has not identified a single reason for the Court to change its earlier ruling: no error was made; no additional citation is needed; and nothing new has been brought to the Court's attention.

**I. The plaintiff has not demonstrated that he is entitled to reconsideration under Rule 59(e).**

In the last year alone, the Fifth Circuit has declared, multiple times, that a party is not entitled to reconsideration of a court's ruling when the arguments he is making could have (and should have) been made *prior* to the ruling.[2] The questions raised by the plaintiff in his motion for reconsideration – *i.e.*, whether there is sufficient evidence in the record to support the Court's finding that OCSLA jurisdiction exists in this case – were briefed at length by Apache Deepwater in its Opposition to Motion to Remand.[3] The significance of the plaintiff's admission that he was working in deepwater in the Gulf of Mexico was discussed on pages 13, 14, and 15 of Apache

[1] Apache Deepwater has been named in its capacity as alleged successor in interest to Mariner Energy, Inc.

[2] *See*, *e.g.*, Faciane v. Sun Life Assurance Company, 931 F.3d 412, 423 (5th Cir. 2019); Life Partners Creditors' Trust v. Cowley (In re Life Partners Holdings, Inc.), 926 F.3d 103, 128 (5th Cir. 2019).

[3] Rec. Doc. 39, at 10-15.

Deepwater's brief. Local Rule 7(f) explicitly acknowledges the possibility of a movant filing a reply brief in support of his motion, yet the plaintiff made no attempt to respond in any way to Apache Deepwater's argument prior to the Court's ruling. In this way, the plaintiff failed to alert the Court to the fact that he intended to challenge the legal ramifications of his admission that he worked in "deepwater drilling" during the years that he claims to have been exposed to asbestos. The Court, therefore, was not put on notice that the plaintiff disagreed with this portion of Apache Deepwater's argument and analysis. The instant motion is the first indication the plaintiff has given the Court that he seeks to contest Apache Deepwater's argument, and is precisely the type of late challenge that the Fifth Circuit's jurisprudence forbids.

The Court cannot consider the plaintiff's argument for reconsideration because he did not make any attempt to assert his argument when he both could and should have done so. The motion should be denied. Even were the Court to fully consider the plaintiff's arguments, however, the outcome would be the same.

## II. The jurisdictional assessment does not require defendants' own evidence as to the specific location of the drilling vessels.

The plaintiff complains that Apache Deepwater has not produced its own evidence concerning the location(s) on the OCS at which he worked.

### *A. The jurisprudence allows the Court to consider any record evidence before it when making a jurisdictional assessment.*

The Fifth Circuit and this Court have made it very clear rule that a jurisdictional assessment may be made on *any* reasonable evidence that is presented to the Court.

> Jurisdictional determinations should be made largely on the basis of readily available information. The court has ***wide***, but not ***unfettered***

> ***discretion***, to determine what evidence to use in making its determination.[4]

Moreover, when making a jurisdictional assessment, a federal court, "is not limited to the pleadings; it may look to ***any record evidence***, and may receive affidavits, deposition testimony, or live testimony. . . ."[5] The Court is familiar with these standards: it denied remand earlier this year relying, in part, on the Coury Court's statement about the admissibility of *any record evidence* in support of jurisdiction.[6]

***B. The Court did not err in taking the Plaintiff at his word.***

The plaintiff's argument makes the remarkable assumption that his word – specifically, his own, sworn description of the locations where he alleges that he was exposed to asbestos – is of so little value that it should not be used by the Court in the jurisdictional analysis. The plaintiff's modesty is not persuasive.

First, the plaintiff's argument – that jurisdiction should not be based on a single word (*i.e.*, "deepwater") that he uttered – should be rejected because it mischaracterizes the record. Neither Apache's argument, nor the Court's ruling, nor jurisdiction itself, turns on a single word in this case. The plaintiff's sworn discovery response does contain the assertion that his alleged exposure occurred when working in "deepwater" in the Gulf of Mexico, but he backs up this assertion by reference to other facts that reinforce his statement:

> Mariner was the owner of the jack up rigs upon which he worked and which were the site(s) of his exposure to asbestos containing drilling mud additives. Plaintiff contends that asbestos additives

---

[4] Hollinger v. Home State Mutual Insurance Company, 654 F.3d 564, 570-71 (5th Cir. 2011) (citations and quotations omitted) (emphasis in original).

[5] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (emphasis added).

[6] *See* Lowery v. Ace American Insurance Company, 2019 U.S. Dist. LEXIS 104397, 2019 WL 2563817 (M.D.La. 6/21/2019) (Jackson, J.), *adopting report and recommendation*, 2019 U.S. Dist. LEXIS 105193, 2019 WL 2565238 (M.D.La. 5/13/2019) (Bourgeois, M.J.).

> were frequently utilized due to the nature of deep water drilling, which often resulted in a loss of down hole pressure and circulation.[7]
>
> * * *
>
> Mr. Hsieh's work was necessarily conducted in the field and he worked aboard numerous drilling rigs, ships, submersible barges and, occasionally, platforms. These vessels include, but are not necessarily limited to, the following vessels:
>
> Mariner 3 (semisubmersible barge for drilling)
>
> Mariner 7 (semisubmersible barge for drilling)[8]
>
> * * *
>
> Mr. Hsieh received his assignments from Schlumberger dispatchers [who] were located at a base in La Rose, Louisiana, where Schlumberger's designated deep-water office was located.[9]

Thus, while the plaintiff's use of the term "deepwater" to describe the locations where he worked is key to resolving this jurisdictional question, Apache Deepwater's argument does not rely solely on that one word, but also on the *additional information provided by the plaintiff* to bolster his assertion.

Second, the fact that the plaintiff was located in deepwater when he allegedly was exposed to asbestos is particularly meaningful in the context of this jurisdictional analysis. Specifically, OCSLA jurisdiction exists if the plaintiff alleges exposure while working aboard drilling vessels on the OCS. The law is clear that federal jurisdiction exists, pursuant to OCSLA, between three nautical miles and 200 miles offshore of Louisiana.[10] The question that the Court has answered – is there evidence to suggest that the plaintiff's alleged exposure occurred on the OCS? – has been

---

[7] Rec. Doc. 1-3, at 5 of 34 (Answer to Interrogatory No. 2).

[8] Rec. Doc. 1-3, at 3 of 34 to 4 of 34.

[9] Rec. Doc. 1-3 at 4 of 34 (first full paragraph).

[10] *See, e.g.*, 43 U.S.C. §1301(b); Century Exploration New Orleans, LLC v. United States, 745 F.3d 1168, 1173 (Fed.Cir. 2014); Amber Resources Company v. United States, 538 F.3d 1358, 1362 (Fed.Cir. 2008); ATP Oil & Gas Corporation v. DOI, 2009 U.S. Dist. LEXIS 75836, *13, 2009 WL 2777868 (E.D.La. 8/26/2009).

answered correctly because it is based on evidence (*i.e.*, sworn discovery responses by the plaintiff himself) that creates a reasonable inference, based on the law and the jurisprudence:

- The Submerged Lands Act, enacted by Congress in 1953, acknowledged that the first three miles of seabed off of Louisiana's coast fall within Louisiana's authority and territorial limits.[11] For the subsoil and seabed seaward of that limit, the United States Congress asserted federal authority and deemed that area the "outer Continental Shelf."[12] It is commonly understood that the farther one travels into the sea from shore, the deeper the sea becomes. Necessarily, then, deeper water will generally be found farther from shore.

- The term "deepwater," as used in the oil and gas industry in and around the Gulf of Mexico, does not merely refer to the depth of the water beneath a floating vessel; it is a term of art. It refers to that part of the Gulf of Mexico where the water is *at least* 200 meters (or approximately 660 feet) deep.[13] As both Congress and the Fifth Circuit have acknowledged, Congress has asserted authority – through the mechanism of the OCSLA – over the seabed and subsoil beneath the deepwater of the Gulf of Mexico off of Louisiana's coast.[14]

The plaintiff's description of his work locations as being in deepwater, when considered in context of the applicable law, establishes that he was operating, at times, on the OCS. His sworn discovery responses provide the factual allegations that establish the second element of the OCSLA test. In his motion for reconsideration, the plaintiff has not produced any evidence contesting his own discovery responses, or Apache Deepwater's assertions, or the Court's

---

[11] *See* Submerged Lands Act, 43 U.S.C. § 1301, *et seq*.

[12] 43 U.S.C. § 1333(a), 1331(a). The Bureau of Ocean Energy Management (an agency in the United States Department of Interior) describes the OCS as extending to 200 nautical miles from the United States coast. "The Offshore Petroleum Industry in the Gulf of Mexico: A Continuum of Activities," published by the Bureau of Ocean Energy Management ("BOEM White Paper"), at 1. A copy of the BOEM White Paper was attached as Exhibit 4 to Apache Deepwater's Opposition to Remand Motion (Rec. Doc. 38-4).

[13] *See, e.g.*, Kerr-McGee Oil & Gas Corporation v. United States DOI, 554 F.3d 1082, 1083-84 (5th Cir. 2009) (describing the "Outer Continental Shelf Deep Water Royalty Relief Act" as applying to water depths of 200 meters or greater); Santa Fe Snyder Corporation v. Norton, 385 F.3d 884, 889 (5th Cir. 2004) (same). *See also* BOEM White Paper, at 10 (defining "deepwater" as water depth of greater than 1,000 feet).

[14] *See, e.g.*, 43 U.S.C. § 1337 (describing the federal royalty obligations applicable to companies producing oil and gas from "any lease or unit located in water depths of 200 meters or greater"); Santa Fe Snyder Corporation v. Norton, 385 F.3d 884, 890-91 (5th Cir. 2004) (discussing Congress' assertion of authority over drilling operations "in water depths of 200 meters or greater" in the Central Planning Area); ATP Oil & Gas Corporation v. Department of the Interior, 2009 U.S. Dist. LEXIS 75836, *13, 2009 WL 2777868 (E.D. La. 8/26/2009) (Lemmon, J.) (describing Congress' authority over mineral leases on property "located in deep water areas of the Gulf of Mexico"); 30 CFR 556.105(b)(v) (defining the "Central Planning Area" as that portion of the Gulf of Mexico that lies southerly of Louisiana, Mississippi, and Alabama.).

conclusions; he merely complains that the Court should not rely on his own word about where he was when he allegedly was exposed to asbestos.

The Court's ruling does not turn solely on the phrase "deepwater drilling"; it relies (as does Apache) on the other supporting facts stated by the plaintiff in his sworn discovery responses.[15] The plaintiff's argument that the Court's ruling is improper because it is limited to "one word," then, should be rejected because it is flatly untrue. Apache Deepwater removed this matter from state court, relying on (a) the plaintiff's allegations in his petition, and (b) the plaintiff's sworn discovery responses. The jurisprudence is clear that the Court has the authority to rely on such record evidence in making its jurisdictional assessment. The plaintiff has not contested Apache Deepwater's evidence in any way. The Court properly relied on the unchallenged evidence before it and reached the correct conclusion: federal jurisdiction exists in this case.

**III. The plaintiff's cases cannot justify remand in this case.**

In support of his motion, the plaintiff cites the Court to four cases: Bridges,[16] Freeman,[17] Garza,[18] and Perise.[19] None provides any support for the remand that the plaintiff seeks. To the contrary, Bridges, Freeman, and Garza reinforce Apache's decision not to remove this case earlier than it did.

Issued in 2013 and 2014, Bridges, Freeman, and Garza involved alleged asbestos exposure where the plaintiffs' allegations pointed to work they had performed in the Gulf of Mexico, but provided no information about where in the Gulf of Mexico they had worked.

---

[15] Rec. Doc. 40, at 1, 2, 3-4.

[16] Bridges v. Phillips 66 Co., 2013 U.S. Dist. LEXIS 164542 (M.D.La. 9/26/2013) (Reidlinger, M.J.), *affirmed and adopted*, 2013 U.S. Dist. LEXIS164146 (M.D.La. 11/19/2013) (Brady, J.).

[17] Freeman v. Phillips 66 Co., 2014 U.S. Dist. LEXIS 48357, 2014 WL 1379786 (E.D.La. 4/8/2014).

[18] Garza v. Phillips 66 Company, 2014 U.S. Dist. LEXIS 45511 (M.D.La. 3/11/2014) (Reidlinger, M.J.), *approved and affirmed*, 2014 U.S. Dist. LEXIS 45542, 2014 WL 1330547 (M.D.La. 4/1/2014) (Dick, J.).

[19] Perise v. Eni Petroleum U.S. L.L.C., 2014 U.S. Dist. LEXIS 141039, 2014 WL 4929239 (M.D.La. 10/1/2014).

- The petition in Bridges alleged exposure to asbestos while "working on offshore oil rigs in the Gulf of Mexico."[20] The Court found that the Gulf of Mexico includes both state waters (up to three miles from shore) and federal waters subject to OCSLA (more than three miles from shore), and that the defendants had failed to provide evidence from which the Court could conclude that the relevant oil rigs were located in federal waters.[21]

- In Freeman, similarly, the plaintiff alleged exposure to asbestos "on offshore oil rigs in the Gulf of Mexico,"[22] and "having worked on a semi-submersible drilling vessel . . . attached to the sea floor with anchors."[23] Once again, neither the plaintiff nor the defendants presented the Court with any evidence from which it could draw any conclusion about the location of the drilling vessels on which the plaintiff worked at the time of his alleged exposure, and the court declined to speculate about facts fundamental to the assertion of jurisdiction.[24]

- In Garza, the plaintiffs indicated that they sought damages as a result of alleged exposure to asbestos, while working in drilling operations.[25] As in the other cases, the Court noted that the plaintiffs had alleged exposure "while working in various oil fields and facilities and on offshore oil rigs in the Gulf of Mexico,"[26] but that those allegations alone did not establish OCSLA jurisdiction, and the removing defendants had produced no evidence indicating that the alleged work sites were located on the OCS.[27] On these findings, the Court concluded that OCSLA jurisdiction had not been proven.[28]

Apache Deepwater was in precisely the same position – aware of the plaintiff's allegations that he worked in the Gulf of Mexico but unaware of any specifics about his location – and did not remove when the posture of this case was analogous to that in Bridges, Freeman, and Garza.

On the other hand, the plaintiff's fourth case – Perise – does not undermine but provides support for the Court's jurisdiction assertion in this case. Specifically, the Perise plaintiff alleged that he was injured while working aboard a platform located in the Gulf of Mexico, but did not

[20] 2013 U.S.Dist. LEXIS 164542, *4.
[21] Id. at *11-12.
[22] 2014 U.S.Dist. LEXIS 48357, *11.
[23] Id.
[24] Id. at *12-13.
[25] 2014 U.S.Dist. LEXIS 45511, *4.
[26] Id. at *11.
[27] Id. at *11-12.
[28] Id. at *16.

make any allegation as to the location of the platform.[29] As did Apache Deepwater in this case, the removing defendant in Perise produced evidence that the relevant platform was located on the OCS.[30] On the basis of that evidence, the Perise Court found that OCSLA jurisdiction did exist and denied the remand motion.[31] The only distinction between Perise and the case at bar is that, in Perise, the defendant provided an affidavit, while Apache Deepwater has produced the plaintiff's own sworn discovery responses. This is a distinction without a difference. The point is that the Court's jurisdictional assessment is made on the basis of evidence in the record – not supposition or guessing, but actual evidence – and, for that reason, it is correct.

## CONCLUSION

Apache Deepwater's removal of this action from State court was permitted by law, and fully consistent with the relevant removal provisions in the United States Code. OCSLA jurisdiction clearly applies to the plaintiff's claims. The Court properly found that it has subject matter jurisdiction over this case, and should deny the plaintiff's motion for reconsideration.

. Respectfully submitted,

William L. Schuette (TA, #02098)
Michele Whitsell Crosby (#20152)
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3056
Emails: wschuette@joneswalker.com
mcrosby@joneswalker.com

and

[29] 2014 U.S.Dist. LEXIS 140372, *2.
[30] Id. at *9.
[31] Id. at *10-11.

*/s/ Douglas C. Longman, Jr.*
Douglas C. Longman, Jr. (#8719)
Carmen M. Rodriguez (#22573)
JONES WALKER LLP
600 Jefferson Street, Ste. 1600
Lafayette, LA 70501
Telephone: (337) 593-7600
Facsimile: (337) 593-7601
Emails: dlongman@joneswalker.com
crodriguez@joneswalker.com

***ATTORNEYS FOR APACHE DEEPWATER, LLC***

**CERTIFICATE OF SERVICE**

I certify that on October 11, 2019, I electronically filed the *Opposition to Plaintiff's Motion for Reconsideration (Remand)* with the clerk of court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Douglas C. Longman, Jr.*
DOUGLAS C. LONGMAN, JR.