UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA

| | |
|---|---|
| DAVID HSIEH,<br>Plaintiff,<br>v.<br>APACHE DEEPWATER, LLC, et al.,<br>Defendants. | CIVIL ACTION NO: 3:19-CV-00408-BAJ-JW |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER DENYING REMAND**

Comes now plaintiff and files this his notice of supplemental authority in support of his motion for reconsideration of order denying remand, and would respectfully show as follows:

The Court issued its order denying plaintiff's motion for remand on August 23, 2019 (Doc. 40). Plaintiff filed a motion for reconsideration of that order on September 20, 2019 (Doc. 47), defendant Apache Deepwater, LLC responded on October 11, 2019 (Doc. 55) and defendant ENSCO Offshore Company responded on October 15, 2019 (Doc. 56). Plaintiff filed an unopposed motion for leave to file a reply brief on October 24, 2019 (Doc. 59).

Plaintiff's essential contention is that his use in discovery responses of the term "deepwater," without more, is insufficient to establish OCSLA jurisdiction. Without evidence as to the location of the Mariner submersible drilling vessel in question, OCSLA jurisdiction cannot attach. Plaintiff respectfully files this notice of supplemental authority to call the Court's attention to a new decision bearing on this issue.

In *Sam v. Laborde Marine, LLC*, 2020 WL 59633 (S.D.Tex. Jan. 6, 2020), plaintiff filed suit for injuries sustained while being housed on a vessel, in conjunction with his work on a platform located on the Outer Continental Shelf. Plaintiff moved for remand, arguing that

"OCSLA jurisdiction requires situs on a platform or installation attached to the OCS, which excludes vessels like the one he was injured on." *Id*. at *2. The court rejected this argument, holding that "injuries suffered on a vessel because of employment on a minerals-producing OCS platform are sufficient to establish OCSLA jurisdiction." *Id*. at *3. The court then held that OCSLA jurisdiction existed, and stated that "Plaintiff has not argued that the platform is not on the OCS, *and Defendants have produced uncontroverted evidence to support that it is*." *Id*. (emphasis added).

The court cited an affidavit supplied by defendant's senior logistics coordinator. This affidavit described the location of defendant's platform, which was "affixed to the seabed in Block 333, Eugene Island Area, on the Outer Continental Shelf …." The court's opinion, and the affidavit cited in footnote 16, are attached as exhibits A and B. The language cited by the court appears at p. 5, ¶20.

This ruling supports plaintiff's position here, that a removing defendant must show that the platform in question is actually on the Outer Continental Shelf. In *Sam*, the defendant did exactly that, with affidavit proof. Here, defendant has refused to produce any such proof.

Plaintiff respectfully asks the Court to consider this supplemental authority in support of his motion for reconsideration.

Dated: January 13, 2020.

Respectfully submitted,

**WATERS & KRAUS, LLP**

By:/s/ Charles S. Siegel
Susannah Chester-Schindler
LA Bar No. 33523
Charles S. Siegel *(Pro Hac Vice)*
3141 Hood Street, Suite 700
Dallas, Texas 75219

T: (214) 357-6244
F: (214) 357-7252
schester@waterskraus.com
siegel@waterskraus.com

Lawrence Gettys
LA Bar No. 23753
**WATERS & KRAUS, LLP**
9191 Siegen Lane, Bldg. 7
Baton Rouge, Louisiana 70810
T: (225) 308-2617
F: (225) 769-5101
lgettys@waterskraus.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served via electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on this the 13th day of January, 2020.

/s/ Charles S. Siegel
Charles S. Siegel