**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID HSIEH** | **CIVIL ACTION NO: 3:19-408** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **APACHE DEEPWATER, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH C. WILKINSON** |

---

**APACHE DEEPWATER, LLC'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR RECONSIDERATION (REMAND)**

---

Apache Deepwater, LLC ("Apache Deepwater")[1] urges the Court to deny the plaintiff's motion for reconsideration because the plaintiff still has not identified a single reason for the Court to change its earlier ruling: no error was made; no additional citation is needed; and nothing new has been brought to the Court's attention. In his reply brief in support of reconsideration, as well as in his Supplemental Authority in Support of Motion for Reconsideration,[2] the plaintiff argues for reconsideration based upon his demand for a level of proof that is not required by the jurisprudence.

The plaintiff himself has sworn to the fact that the work that he claims caused his illness occurred during offshore drilling in the "deepwater" of the Gulf of Mexico, and he backed up this assertion with facts.[3] Moreover, the plaintiff's discovery responses reveal that he has a long work history in the Gulf of Mexico and knows what the term "deepwater" means; both Apache Deepwater and the Court should feel confident in relying on the plaintiff's understanding of where, in the Gulf of Mexico, he was working when he allegedly was exposed to asbestos. In an effort to

[1] Apache Deepwater has been named in its capacity as alleged successor in interest to Mariner Energy, Inc.
[2] Rec. Doc. 62.
[3] *See* Rec. Doc. 39, at 13-15; Rec. Doc. 55, at 3-6.

somehow neutralize the legal effect of these admissions, the plaintiff urges the Court to require Apache Deepwater to identify the specific location on the Outer Continental Shelf where plaintiff alleges that he was injured. But the plaintiff has not yet been deposed, and Apache Deepwater cannot provide any more detail than the plaintiff's admission, in effect, that his alleged exposure occurred on the OCS.

More importantly, the decision in Sam v. Laborde Marine, LLC,[4] cited by the plaintiff in his Supplemental Authority does not support the creation of a heightened evidentiary requirement. In Sam, Judge Lake denied remand because he found that "Defendants have produced uncontroverted evidence to support" the existence of jurisdiction.[5] In this matter, Apache Deepwater has produced "uncontroverted evidence to support" jurisdiction: *the plaintiff's own sworn discovery responses*. For some reason, the plaintiff alleges that Apache cannot rely on his admissions and seeks to have the Court to impose a heightened standard of proof – to require Apache Deepwater to produce something more than his sworn discovery responses – in order to demonstrate that jurisdiction exists. Neither Sam, nor any of the other cases relied upon by the plaintiff in connection with his motion for remand or for reconsideration, support the imposition of such a heightened evidentiary requirement.

The plaintiff has admitted that he worked in the "deepwater" of the Gulf of Mexico and alleges that his work in the "deepwater" of the Gulf of Mexico caused his condition. The term "deepwater" has meaning and the Court carefully, and correctly, applied that meaning when it determined that it has federal jurisdiction pursuant to OCSLA. The plaintiff has not identified a single basis for abandoning that determination, and the Sam case doesn't support the reconsideration that the plaintiff seeks. Apache has produced substantial evidence – the plaintiff's

---

[4] 2020 WL 59633, 2020 U.S. Dist. LEXIS 1585 (S.D.Tex. 1/6/2020) (Lake, J.).
[5] Id. at *3.

own sworn discovery responses – and the plaintiff has not controverted this evidence in any way. The preponderance of the evidence before the Court shows that the plaintiff was working in the deepwater of the Gulf of Mexico at the time when he claims to have been injured. The law and the jurisprudence demonstrate that "deepwater" in the Gulf of Mexico is on the OCS.

Apache Deepwater urges the Court to find that (a) its removal of this action from State court was permitted by law, and fully consistent with the relevant removal provisions in the United States Code; and (b) OCSLA jurisdiction clearly applies to the plaintiff's claims. On the basis of these findings, the Court should find that it properly found that it has subject matter jurisdiction over this case and should deny the plaintiff's motion for reconsideration.

Respectfully submitted,

William L. Schuette (TA, #02098)
Michele Whitsell Crosby (#20152)
JONES WALKER LLP
445 North Blvd., Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2000
Facsimile: (225) 248-3056
Emails: wschuette@joneswalker.com
mcrosby@joneswalker.com

and

*/s/ Douglas C. Longman, Jr.*
Douglas C. Longman, Jr. (#8719)
Carmen M. Rodriguez (#22573)
JONES WALKER LLP
600 Jefferson Street, Ste. 1600
Lafayette, LA 70501
Telephone: (337) 593-7600
Facsimile: (337) 593-7601
Emails: dlongman@joneswalker.com
carmenrodriguez@joneswalker.com

***ATTORNEYS FOR APACHE DEEPWATER, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2020, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ Douglas C. Longman, Jr.*
DOUGLAS C. LONGMAN, JR.