UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA

| | |
|---|---|
| DAVID HSIEH,<br>Plaintiff,<br>v.<br>APACHE DEEPWATER, LLC, et al.,<br>Defendants. | CIVIL ACTION NO: 3:19-CV-00408-BAJ-JW |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING REMAND**

Comes now plaintiff and files this his reply memorandum in support of his motion for reconsideration of the Court's order denying remand, and would respectfully show as follows:

## INTRODUCTION

The Court entered its Order denying remand on August 23, 2019 (Doc. 40). Plaintiff filed a timely motion for reconsideration on September 20, 2019 (Doc. 47). The removing defendant, Apache Deepwater, LLC, filed an opposition on October 11, 2019 (Doc. 55), and defendant ENSCO Offshore Co. filed a joinder in that opposition on October 15, 2019 (Doc. 56). Plaintiff now respectfully files this reply to the arguments made by Apache in its opposition.

## ARGUMENT

### I. PLAINTIFF'S MOTION IS NOT UNTIMELY

Apache first argues that the Court should ignore the motion for reconsideration because "plaintiff did not make any attempt to assert his argument when he both could and should have done so." Opposition at 2. According to defendant, plaintiff should have moved to file a reply

brief in support of his motion for remand, "yet the plaintiff made no attempt to respond in any way to Apache Deepwater's argument prior to the Court's ruling." *Id*. But as noted above, the Court's Order denying remand was issued on August 23, 2019. Apache filed its opposition to plaintiff's motion for remand on August 15, 2019 (Doc. 39). While plaintiff was indeed preparing to file a motion for leave to file a reply memorandum, only five business days elapsed before the Court issued its ruling. Plaintiff cannot be accused of effectively waiving the right to file a reply brief when only five business days elapsed between the filing of Apache's opposition, and the Court's ruling.

Moreover, plaintiff's motion goes to this Court's subject matter jurisdiction. As this Court has held, "a district court must always be satisfied that subject matter jurisdiction exists, and must even raise the issue *sua sponte*…." *Perritt v. Westlake Vinyls Co., LP*, 986 F.Supp.2d 726, 728 n.3 (M.D. La. 2013) (Jackson, C.J.), quoting *Free v. Abbott Labs, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). In *Perritt*, this Court *sua sponte* vacated its own prior order denying remand. There is no reason here that the Court should not entertain additional argument, in reply to Apache's contentions against remand, when the issue is subject matter jurisdiction.

## II. THE EVIDENCE AS TO THE LOCATION OF PLAINTIFF'S ASBESTOS EXPOSURE

Apache tries hard to muddle things, with a strained argument that the Court was entitled to "take plaintiff at his word," and to review evidence bearing on subject matter jurisdiction from any source, not just from defendant. See opposition at 2-4. But plaintiff is not going back on his word at all. Nor is plaintiff suggesting that evidence about jurisdiction must only come from defendants.

The point plaintiff is making – and which Apache would clearly rather the Court not focus on – is that the only evidence in the record is insufficient to support OCSLA jurisdiction.

Plaintiff does not contend, at all, that the Court should not take into account his own statements in discovery responses when evaluating the existence of subject matter jurisdiction. It goes without saying that evidence from any source can be relevant. Plaintiff's point, rather, is simply that his use of the term "deepwater," without more, does not create jurisdiction under OCSLA. "Deepwater" is not a term of art and has no formal legal import. If it were, federal jurisdiction could be established simply by pronouncing the word, rather than by putting forth evidence as to a platform or rig's actual location.

Is it really sufficient, for a suit to proceed in federal court, for the plaintiff to say merely, "I worked on rigs in the deepwater Gulf?" Is that enough, without any further information as to the actual location of those rigs, for jurisdiction under OCSLA? If it is, the district courts in this circuit can certainly expect many more cases.

Again, it must be noted that Apache undoubtedly has evidence of the location of its predecessor's operations, but chose not to provide that evidence. This point is made not to suggest that evidence to support jurisdiction can only come from defendants. Rather, plaintiff is simply observing that defendant almost certainly has more definitive evidence bearing on jurisdiction here, but refuses to supply it.[1]

Next, Apache argues that plaintiff also "refer[red] to other facts" that support OCSLA jurisdiction. Opposition at 3. Defendant then quotes further statements from plaintiff's discovery

[1] Apache's statement, at p. 6 of its opposition, that "plaintiff has not contested [its] evidence in any way," is puzzling, since Apache has no evidence of its own. It relies solely on plaintiff's use of one word. That word is not irrelevant, but it is insufficient.

responses. *Id.* at 3-4. But nothing in the quoted excerpts sheds any additional light on the location of the Mariner semisubmersible barges – the operative question for OCSLA jurisdiction.

Finally, perhaps recognizing that the actual evidence is insufficient, Apache moves the goalposts. It now says that the only question is whether "there [is] evidence to suggest that plaintiff's alleged exposure occurred on the OCS[.]" Opposition at 4. Evidence to "suggest"? Plaintiff respectfully maintains, rather, that a district court in this circuit "has the duty to *assure* that it has jurisdiction over the matters before it and may raise a jurisdictional issue *sua sponte at* any time." *Knighton v. Van Buren*, 2005 WL 2277157, *1 (N.D. Tex. Sept. 15, 2005), citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999), and *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (emphasis added). Jurisdiction is not something to be "suggested;" rather, it is presumed that federal jurisdiction does not exist until the party asserting it *establishes* its presence. "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *D&G Holdings, LLC v. Burwell*, 156 F.Supp.3d 798, 806 (W.D. La. 2016), quoting *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Apache then insists that the word "deepwater" is in fact a term of art. Opposition at 5. But defendant's own authorities, even within the same footnote, undermine this assertion, since they show that it has no fixed meaning at all. See Apache's footnote 13, citing *Kerr McGee Oil and Gas Corp. v. United States Department of Interior*, 554 U.S. 1082, 1083-84 (5th Cir. 2009), for the proposition that the OCS "Deep Water Royalty Relief Act" applies to water depths of 200 meters or greater, and also citing BOEM White Paper, p. 10, "defining 'deepwater' as water depth of greater than 1000 feet."

Plaintiff will rely on his previous discussion of the *Garza*, *Bridges* and *Freeman* cases from this Court and the Eastern District. Apache's only response to them is that prior to removal,

defendant was in "the same position – aware of the plaintiff's allegations that he worked in the Gulf of Mexico but unaware of any specifics about his location …." Opposition at 7. But that is precisely the point: there are still no *specifics* as to the location of the Mariner semisubmersible barges at issue in this case. The general term "deepwater" does not amount to anything specific.

The strenuous effort to confuse the issue is most apparent in defendant's treatment of *Perise v. ENI Petroleum, U.S. L.L.C.*, No. 14-99-SDD-RLB, 2014 WL 4929239 *3 (M.D. La. Oct. 1, 2014), decided by Judge Dick. Plaintiff cited *Perise* previously as an example of OCSLA jurisdiction being upheld upon a showing of the necessary kind of evidence, namely that the platform at issue was "located on, and attached to, the outer continental shelf 'approximately one hundred (100) miles southeast of New Orleans, Louisiana, since 1998 when it began production." Apache says that "as [it did] in this case, the removing defendant in Perise produced evidence that the relevant platform was located on the OCS. … The only distinction between Perise and the case at bar is that, in Perise, the defendant provided an affidavit, while Apache Deepwater has produced the plaintiff's own sworn discovery responses. This is a distinction without a difference." Opposition at 8. (footnotes omitted). But the distinction between *Perise* and this case has nothing to do with which side provided the evidence that supported jurisdiction. The obvious distinction, rather, is that there was specific evidence in *Perise* of the actual location of the platform at issue; here there is not.

## CONCLUSION

For the reasons set forth in this reply, plaintiff respectfully prays that his motion for reconsideration of order denying remand be granted, and that this case be remanded to the Civil District Court for East Baton Rouge Parish pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction.

Dated: October 24, 2019.

Respectfully submitted,

**WATERS & KRAUS, LLP**

By:/s/ Charles S. Siegel
Susannah Chester-Schindler
LA Bar No. 33523
Charles S. Siegel *(Pro Hac Vice)*
3141 Hood Street, Suite 700
Dallas, Texas 75219
T: (214) 357-6244
F: (214) 357-7252
schester@waterskraus.com
siegel@waterskraus.com

Lawrence Gettys
LA Bar No. 23753
**WATERS & KRAUS, LLP**
9191 Siegen Lane, Bldg. 7
Baton Rouge, Louisiana 70810
T: (225) 308-2617
F: (225) 769-5101
lgettys@waterskraus.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served via electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on this the 24th day of October, 2019.

/s/ Charles S. Siegel
Charles S. Siegel