UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID HSIEH** | **CIVIL ACTION** |
| **VERSUS** | |
| **APACHE DEEPWATER, LLC, ET AL.** | **NO: 19-00408-BAJ-DPC** |

### RULING AND ORDER

Before the Court is Plaintiff's **Motion for Reconsideration of Order Denying Remand (Doc. 47)**. Defendants Apache Deepwater and ENSCO Offshore Company filed oppositions to the motion. (Docs. 55, 56). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

### I.   BACKGROUND

Plaintiff has mesothelioma. (Doc. 1-2 at ¶ 6). He alleges he developed the disease because he was "regularly exposed to asbestos" while working as a logging engineer for Schlumberger aboard "jack up rigs and submersible barges." (Id. at ¶ 7). In June 2018, he sued Schlumberger, Apache Deepwater, and other oil and gas companies in state court. (Id.). He alleges negligence, strict liability, and general maritime law claims against each company and a Jones Act claim against Schlumberger only. (Id.).

Apache Deepwater invoked the Court's jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b), and removed the case on

1

June 21, 2019. (Doc. 1). Apache Deepwater contended it could not have known the case was removable until May 22, 2019, when it received interrogatory responses revealing that Plaintiff's exposure resulted from oil and gas production on the outer Continental Shelf. (*Id.* at ¶ 13). References in those responses to "deepwater drilling" led Apache Deepwater to suspect that the outer Continental Shelf was involved and that federal jurisdiction was present. (*Id.*).

On July 19, 2019, Plaintiff moved to remand. (Doc. 24). He argued that there were defects in the removal procedure. He also claimed that OCSLA jurisdiction was not applicable here, and that the presence of a Jones Act claim precludes removal. (Doc. 24-1). On August 23, 2019, the Court entered a Ruling and Order denying Plaintiff's motion. (Doc. 40). The Court found that Plaintiff's case met the requirements for OCSLA jurisdiction, the removal was not procedurally defective, and that Plaintiff's case was a hybrid case in which the non-removable Jones Act claim could be remanded if the Court exercises jurisdiction over the remaining non-Jones Act claims.

Plaintiff has filed the instant motion, pursuant to Federal Rule of Civil Procedure 59(e), contesting the Court's finding of OCSLA jurisdiction only. Plaintiff argues that the Court erred in finding that the Plaintiff's discovery responses established the situs requirement for OCSLA jurisdiction. Plaintiff contends that without more evidence from Defendant as to the location of the drilling operations, the Court lacked the information to conclude that OCSLA jurisdictional requirements had been met. (Doc. 47-1 at pp. 2-4).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court is permitted to alter or amend a judgment. However, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D. La. 2000).

## III.  DISCUSSION

In its Ruling and Order (Doc. 40), the Court found that although Defendant did not seek removal until Plaintiff's discovery responses revealed a basis for removal, the removal was timely because the basis was not apparent from the language of Plaintiff's petition. Defendant found a basis for removal when Plaintiff provided interrogatory responses revealing that his exposure to asbestos resulted from deepwater drilling operations, which led Defendant Apache Deepwater to suspect that the outer Continental Shelf was involved, and federal jurisdiction was present. (See Doc. 1). Under 28 U.S.C. § 1446(b)(3), a defendant can remove within 30 days after receipt of "other paper" from which it may first be ascertained that the case is one which is or has become removable. The Court found that the interrogatory response describing Plaintiff's work as "deepwater drilling" was an "other paper" from

3

which Defendant could ascertain that the case was removable. (Doc. 40 at p. 5).

In the instant motion, Plaintiff argues that the Court made an error of law and fact as to its finding of OCSLA jurisdiction. Plaintiff asserts that OCSLA jurisdiction was not properly established. (Doc. 47 at p. 2). Plaintiff argues that its discovery responses alone should not have been sufficient to establish federal jurisdiction. Plaintiff argues that Defendant should have provided its own evidence, such as an affidavit attesting to location of the work site, to prove the location of the drilling operations to be on the Continental Shelf. (Id. at p. 5). Plaintiff further argues that the Court, as well as other courts within the United States Court of Appeals for the Fifth Circuit, have refused to find jurisdiction under OCSLA when specific information regarding the location of a platform or drilling vessel is lacking. (Id.). Plaintiff points to *Garza v. Phillips 66 Co.*, 2014 WL 1330547 (M.D. La. 2014); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. 2013); and *Freeman v. Phillips 66 Co.*, 2014 WL 1379786 (E.D. La. 2014) for support. Plaintiff argues that in these cases, the absence of necessary evidence as to the location of a plaintiff's work site left the courts unable to conclude that removal was proper under OCSLA.

Defendants argue that Plaintiff is not entitled to a reconsideration of the Court's Ruling and Order because Plaintiff is making an argument that could have been made prior to the Ruling. (Doc. 55 at p. 1). Defendants further argue that the questions raised by Plaintiff in the instant motion, such as whether there is sufficient evidence in the record to support the Court's finding that OCSLA jurisdiction exists, were briefed at length by Defendant Apache Deepwater in its Opposition to Plaintiff's

4

Motion to Remand (Doc. 39), and Plaintiff had the opportunity to make its arguments in a reply. (Doc. 55 at p. 2). Defendants further argue that the cases on which Plaintiff relies for support are cases in which neither party provided any evidence as to whether the work site was on the outer Continental Shelf. Defendant Apache Deepwater contends that, unlike these cases, it provided evidence of the location of Plaintiff's work site using the information in Plaintiff's sworn discovery responses. (Id.).

The Court finds that Plaintiff has presented an argument that it could have presented prior to the Court's Ruling and Order on its Motion to Remand. Defendant Apache Deepwater put Plaintiff on notice as to the exact portions of Plaintiff's sworn discovery responses it relied on to establish federal jurisdiction and to oppose Plaintiff's Motion to Remand. Plaintiff chose not to file a reply brief to Defendant's opposition. As previously noted, motions under Rule 59(e) are not the proper vehicle to raise argument that could have been previously raised.

The Court also finds that it made no error as to law or fact in finding federal jurisdiction pursuant to the OCSLA. Plaintiff is correct in his assertion that the Court has not previously found OCSLA jurisdiction where specific information regarding location was lacking. However, unlike the cases cited by Plaintiff in which specific information was not provided, Defendant provided specific information to prove that the location of Plaintiff's work was on the outer Continental Shelf at the time of his exposure to asbestos. OCSLA jurisdiction exists if "(1) the activities that caused the injury constituted an operation conducted on the outer Continental Shelf that

5

involved the exploration and production of minerals, and (2) the case arises out of, or in connection with the operation." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). As the Court found in its Ruling and Order, Defendant sufficiently showed, through Plaintiff's sworn discovery responses and Complaint, that "deepwater drilling is the operation that caused his injury" and that but for Plaintiff's "alleged exposure to asbestos while working aboard jack up rigs and submersible barges in furtherance of deepwater drilling operations," Plaintiff would not have developed mesothelioma. (Doc. 40 at pp. 3-4). The absence of evidence directly supplied by Defendant, such as an affidavit attesting to the location, does not alter the Court's finding. The Court's Ruling will not be revised.

## IV.　CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Plaintiff's Motion (Doc. 47) is **DENIED**.

Baton Rouge, Louisiana, this 2nd day of July, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**