UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID HSIEH

CIVIL ACTION

VERSUS

BADGER OIL CORPORATION, ET AL.

NO. 19-00408-BAJ-DPC

## RULING AND ORDER

Before the Court is Plaintiff's Motion To Dismiss Defendant Ensco Offshore Company Without Prejudice (Doc. 123). Briefly stated, Plaintiff seeks to dismiss Defendant ENSCO Offshore Company ("ENSCO") so that he may avoid the effect of the stay entered in ENSCO's pending bankruptcy proceedings,[1] and continue prosecuting his claims against the remaining Defendants in this action.

The fact of ENSCO's pending bankruptcy raises the question of whether the automatic stay provision of 11 U.S.C. § 362 prohibits Plaintiff from voluntarily dismissing his claims against ENSCO. Plaintiff's Motion does not address this issue, but the Court's own research indicates a small consensus that dismissal is appropriate, and does not interfere with the goals of Chapter 11, provided that dismissal is either (1) voluntary, pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i), or (2) by joint stipulation, pursuant to Rule 41(a)(1)(A)(ii). *E.g., Sawyer v. Jackson*, 224 F. Supp. 3d 461, 462 (E.D. Va. 2016) (permitting plaintiff to

---

[1] *See In re Valaris PLC, et al.*, Case No. 20-34114 (S.D. Tex. Bankr.).

voluntarily dismiss claims against bankrupt defendant under Rule 41(a)(1)(A)(i) where defendant had not filed an answer or motion for summary judgment); *Slay v. Living Centers E., Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000) (same); *see Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994) (permitting parties to stipulate to dismissal of plaintiff's claims under Rule 41(a)(1)(A)(ii)).

Here, Plaintiff does not identify the Rule authorizing the relief he seeks. Plaintiff cannot voluntarily dismiss ENSCO under Rule 41(a)(1)(A)(i), however, because ENSCO has served an answer to Plaintiff's complaint. (*See* Doc. 26). Further, Rule 41(a)(1)(A)(ii) cannot afford Plaintiff the relief he seeks because ENSCO has not stipulated to dismissal. (*See* Doc. 123).

This leaves Rule 41(a)(2), which provides, in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Here, Plaintiff proposes to dismiss ENSCO without prejudice, with each party to bear its own costs. Yet, Plaintiff fails to provide any authority allowing the Court to unilaterally dismiss Plaintiff's action on these terms, consistent with the requirements of the Bankruptcy Code. Further, without any indication from ENSCO regarding whether it agrees to dismissal on these terms, the Court cannot assess whether the relief Plaintiff requests is proper.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**, subject to Plaintiff's right to resubmit his Motion in a form that

addresses the deficiencies outlined herein.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Joint Motion To Lift The Stay On This Matter And For Extension Of Time (Doc. 121) is **DENIED WITHOUT PREJUDICE**, pending ENSCO's continued participation in this action.

Baton Rouge, Louisiana, this 5th day of November, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**