UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID HSIEH** | **CIVIL ACTION** |
| **VERSUS** | |
| **BADGER OIL CORPORATION, ET AL.** | **NO. 19-00408-BAJ-DPC** |

### RULING AND ORDER

Before the Court is Plaintiff's Second Amended Motion To Lift Stay And Re-Set Discovery Deadlines (Doc. 125). In sum, Plaintiff seeks an order lifting the bankruptcy stay in this matter as to all Defendants except Defendant ENSCO Offshore Company ("ENSCO") so that he may continue prosecuting his claims even though ENSCO's bankruptcy proceedings remain ongoing.[1] Defendants do not oppose Plaintiff's Motion.

The purposes of the bankruptcy stay under 11 U.S.C. § 362 "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Id.* Nonetheless, the U.S. Fifth Circuit Court of Appeals has instructed that in at least one "unusual situation"

---

[1] *See In re Valaris PLC, et al.*, Case No. 20-34114 (S.D. Tex. Bankr.).

1

Section 362 provides a basis on which to stay actions against nonbankrupt co-defendants: specifically, when "there is such identity between the debtor and the third-party defendant[s] that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant[s] will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

Plaintiff represents in his Motion that this "unusual situation" does not exist here: that is, there is no "identity" between the bankrupt Defendant (ENSCO) and the remaining Defendants in this action. (*See* Doc. 125-1 at 7). All Defendants evidently agree, because not one has filed a response opposing Plaintiff's Motion. Absent any objection from Defendants, the Court concludes that there is no risk that a judgment against the non-bankrupt Defendants will, in effect, be a judgment or finding against ENSCO, and that therefore the stay should be lifted as to all Defendants except ENSCO. *See Reliant Energy Servs.*, 349 F.3d at 825; *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983) (refusing to stay asbestos litigation against solvent co-defendants); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1199 (6th Cir. 1983) (same).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED**, and that the stay in this matter is lifted as to all Defendants except ENSCO.

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate

Judge for entry of a new scheduling order.

**IT IS FURTHER ORDERED** that Defendant Badger Oil Corporation's Motion For Summary Judgment (Doc. 135) be and is **STRICKEN** for having been filed in violation of the aforementioned stay in this matter.

Baton Rouge, Louisiana, this 2nd day of February, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**