UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID HSIEH                                                CIVIL ACTION

VERSUS

BADGER OIL CORPORATION, ET                   NO. 19-00408-BAJ-DPC
AL.

### RULING AND ORDER

Before the Court are two motions for summary judgment, submitted by Defendants Badger Oil Corporation ("Badger"), and Klentos Production Corporation ("Klentos"), respectively. (Docs. 141, 147). Plaintiff does not oppose either motion. For reasons to follow, the motions will be granted, Plaintiff's claims against Badger and Klentos will be dismissed with prejudice, and Badger and Klentos will each be dismissed from this action.

### I. FACTS AND PROCEDURAL HISTORY

This is an asbestos-exposure case. Plaintiff alleges that from 1979 through 1987, he was an engineer employed by Defendant Schlumberger Ltd., working in the Louisiana offshore oil and gas industry aboard jack up rigs and submersible barges. (Doc. 1-12 at ¶ 6). Plaintiff alleges that in the course of his employment, he frequently was exposed to asbestos containing materials, which eventually caused him to develop malignant mesothelioma, adenocarcinoma, and renal cell carcinoma. (*Id.* at ¶¶ 5, 7, 15).

Plaintiff's First Supplemental Petition asserts negligence and strict liability

1

claims against 35 Defendants, each of whom allegedly played some role in exposing Plaintiff to asbestos. (*Id.* at ¶¶ 2, 5). Now, two of the Defendants—Badger and Klentos—seek summary judgment, asserting that Plaintiff cannot show that they caused him to be exposed to asbestos because neither Badger nor Klentos operated offshore during the time of Plaintiff's employment. (*See* Docs. 141-2; 147-1). In support, Badger and Klentos have each submitted affidavits, and discovery responses from Plaintiff, establishing:

- Badger and Klentos did not participate in, own, or operate any well that was drilled by jack-up rigs during 1979 through 1987;

- Badger and Klentos were not drilling contractors for offshore operations at any point in time during 1979 through 1987;

- Badger and Klentos did not operate any wells drilled between 1979 through 1987, located offshore in any location;

- From 1979 through 1987, Badger and Klentos never mined, designed, packaged, furnished, sold, specified, utilized, controlled, stored, handled, transported, installed, directed the installation of, supplied and/or removed asbestos-containing products;

- Badger did not drill its first well on the Outer Continental Shelf until December of 2003; Klentos has never drilled a well on the Outer Continental Shelf; *and*

- Badger's and Klentos's oil and gas activities from 1979 through 1987 were onshore and did not involve jack-up rigs.

(*See* Doc. 141-3 at ¶¶ 2-7 (Badger's Supporting Statement of Undisputed Material Facts); Doc. 147-2 at ¶¶ 2-7 (Klentos's Supporting Statement of Undisputed Material Facts)).

Based on this evidence, Badger and Klentos each argue that they did not play any role in Plaintiffs' development of cancer, and thus, Plaintiff cannot prove

causation and his claims must fail as to these Defendants. (Doc. 141-2 at 3-4; Doc. 147-1 at 4-5). Plaintiff offers no opposition in response to Badger or Klentos.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant bears its burden of showing that there is no genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

To prevail in an asbestos-exposure case, the plaintiff must show that a particular defendant's conduct was a "substantial factor generating plaintiff's harm." *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1088 (citing *Quick v. Murphy Oil Co.*, 93–2267 (La. App. 4th Cir.9/20/94), 643 So.2d 1291). Here, the summary judgment evidence shows that Badger and Klentos could not have played *any* role in causing Plaintiff's harm because neither was involved in the oil and gas industry sector—or even same geographic area—that allegedly exposed Plaintiff to asbestos. Lacking any opposition whatsoever from Plaintiff, much less an evidentiary showing sufficient to create a genuine dispute, Badger and Klentos have each carried their burden to show that their conduct was *not* a substantial factor

generating Plaintiff's harm, and that they are entitled to judgment as a matter of law. *Rando*, 16 So. 3d at 1088.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Badger Oil Corporation's Motion For Summary Judgment (Doc. 141) is **GRANTED**. Plaintiff's claims against Badger Oil Corporation are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Klentos Production Corporation's Motion For Summary Judgment (Doc. 147) is **GRANTED**. Plaintiff's claims against Badger Oil Corporation are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Badger Oil Corporation and Klentos Production Corporation are each dismissed from this action.

Baton Rouge, Louisiana, this 20th day of April, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**