UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID HSIEH                                          CIVIL ACTION

VERSUS

BADGER OIL CORPORATION, ET            NO. 19-00408-BAJ-DPC
AL.

## RULING AND ORDER

As noted in the Court's prior orders, this is an asbestos-exposure case. From 1979 through 1987, Plaintiff was an engineer working in the Louisiana offshore oil and gas industry. Plaintiff alleges that during this time he was exposed to asbestos-containing materials aboard various jack up rigs and submersible barges, which eventually caused him to develop malignant mesothelioma, adenocarcinoma, and renal cell carcinoma.

Plaintiff's First Supplemental Petition asserts negligence and strict liability claims against 35 Defendants, each of whom allegedly played some role in exposing Plaintiff to asbestos. Now, seven of the Defendants (collectively, the "Moving Defendants")—Nustar Pipeline Company, LLC ("Nustar"), Murphy Exploration & Production Company-USA ("Murphy EXPRO"), Union Carbide Corporation ("Union Carbide"), Montello, Inc. ("Montello"), Apache Deepwater, LLC ("Apache"), Baker Hughes Holdings LLC, and Baker Hughes Oilfield Operations, LLC (collectively "Baker Hughes")—seek summary judgment. (*See* Docs. 206, 212, 217, 223, 224). In support, and consistent with this Court's Local Rules, the Moving Defendants have

1

each submitted detailed Statements of Uncontested Material Facts (citing to specific record evidence), which collectively show that although Plaintiff worked aboard hundreds of rigs, there is no evidence of a causal connection between his current condition and the Moving Defendants' activities during the time period in question. (*See* Docs. 206-2, 212-2, 217-2, 223-2, 224-2).

Plaintiff's deadlines for opposing the Moving Defendants' Motions have long since passed. Moreover, Plaintiff has now affirmatively represented to the Court that he does *not* oppose the Moving Defendants' Motions. (*See* Docs. 229, 234).

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

To prevail in an asbestos-exposure case, the plaintiff must show, *inter alia*, that a particular defendant's conduct was a "substantial factor generating plaintiff's harm." *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1088 (citing *Quick v. Murphy Oil Co.*, 93–2267 (La. App. 4th Cir.9/20/94), 643 So.2d 1291). Here, the Moving Defendants' summary judgment evidence demonstrates that there

2

is no causal connection between Plaintiff's harm and their respective activities. Plaintiff tacitly concedes the same by failing to oppose the Moving Defendants' Motions. *See* M.D. La. LR 56(f) ("Facts contained in a supporting ... statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). Accordingly, there is no genuine dispute regarding an essential element of Plaintiff's claims against the Moving Defendants, and the Moving Defendants are each entitled to judgment as a matter of law. *See Loolara v. Nat'l Flood Ins. Program*, No. 17-cv-00953, 2021 WL 3204485, at *2 (M.D. La. July 28, 2021) (Jackson, J.) ("This Court has repeatedly admonished that summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." (quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that Nustar's unopposed **Motion for Summary Judgment (Doc. 206)** be and is hereby **GRANTED**, and that Plaintiff's claims against Nustar be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Murphy EXPRO's unopposed **Motion for Summary Judgment (Doc. 212)** be and is hereby **GRANTED**, and that Plaintiff's claims against Murphy EXPRO be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Union Carbide's and Montello's unopposed **Joint Motion for Summary Judgment (Doc. 217)** be and is hereby **GRANTED**,

3

and that Plaintiff's claims against Union Carbide and Montello be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Apache's unopposed **Motion for Summary Judgment (Doc. 223)** be and is hereby **GRANTED**, and that Plaintiff's claims against Apache be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Baker Hughes' unopposed **Motion for Summary Judgment (Doc. 224)** be and is hereby **GRANTED**, and that Plaintiff's claims against Baker Hughes Holdings LLC *and* Baker Hughes Oilfield Operations, LLC be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Nustar Pipeline Company, LLC, Murphy Exploration & Production Company-USA, Union Carbide Corporation, Montello, Inc., Apache Deepwater, LLC, Baker Hughes Holdings LLC, and Baker Hughes Oilfield Operations, LLC are each dismissed from this action.

Baton Rouge, Louisiana, this 14th day of October, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**